# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD HINMAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROCHESTER AREA CONSTRUCTION & MATERIALS HEALTH & WELFARE FUND and DAVID WEILERT,<br><br>　　　Defendants. | Case No. 6:24-cv-6030<br><br>Hon. _____<br><br>COMPLAINT |

## INTRODUCTION

1. This is a lawsuit by which plaintiff Edward Hinman ("Hinman") seeks to vindicate his rights under the Employee Retirement Income Security Act ("ERISA") to obtain certain records about the Rochester Area Construction & Materials Health & Welfare Fund ("Plan") from David Weilert ("Weilert" or "Plan Administrator") and to clarify his rights to future benefits. Hinman is a participant in the Plan and receives healthcare benefits through it. The Plan Administrator has never proactively provided or made available these ERISA-required records to Hinman.

2. Pursuant to ERISA's mandate, Hinman therefore requested records from the Plan Administrator. But the Plan Administrator failed or refused to timely provide those records to Hinman. In fact, the Plan Administrator failed to respond to Hinman's request altogether. Hinman thus sues to compel the Plan Administrator to provide him with the records he requested and to which he is otherwise regularly entitled and for related relief under ERISA.

## JURISDICTION AND VENUE

3. This lawsuit is brought pursuant to 29 U.S.C. § 1132(a)(1)(A), which permits a plan participant to bring a civil action for the relief provided in 29 U.S.C. § 1132(c), and pursuant to 29

U.S.C. § 1132(a)(1)(B), which permits a plan participant to bring a civil action to clarify his rights to future benefits under the terms of the plan.

4. This lawsuit is also brought pursuant to 29 U.S.C. § 1132(a)(3), which permits a plan participant to bring a civil action to "enjoin any act or practice which violates any provision" of ERISA Subchapter I ("Protection of Employee Benefit Rights") and "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of" that Subchapter.

5. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e) because the Plan is administered in this District; the breaches took place in this District; and the Plan and Plan Administrator reside and may be found in this District.

6. The Court may award attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## PARTIES

7. Hinman is a Motor Equipment Operator for the Water and Sewer Department of the Town of Farmington, New York. Hinman is a participant in the Plan.

8. The Plan is an "employee welfare benefit plan" and thus governed by ERISA because it is a plan "established or maintained by an employer or by an employee organization, or by both" and "was established or is maintained for the purpose of providing for its participants . . . medical, surgical, or hospital care or benefits . . . ." 29 U.S.C. § 1002(1). The Plan is a "group health plan" because it is an employee welfare benefit plan that provides medical care "directly or through insurance, reimbursement, or otherwise." 42 U.S.C. § 300gg-91(a)(1).

9. Weilert is the Plan Administrator. **Exhibit A** at 1 (2021 Form 5500).

## FACTUAL ALLEGATIONS

10. The Plan provides medical care to Hinman via reimbursement through a Health Reimbursement Arrangement ("HRA"). Hinman has been covered by the Plan since on or about 2019.

2

11.     The Plan has conceded that the HRA is governed by ERISA by, for example, filing annually a Form 5500 with the United States Department of Labor that mentions the HRA.[1] **Exhibit A** at 113; *see also id.* at 109 ("We have audited the . . . financial statements of Rochester Area Construction and Materials Teamsters Health and Welfare Fund, an employee benefit plan subject to . . . ERISA . . . .").

12.     Despite multiple prior oral requests for information and clarification, Hinman's understanding of the rules and claims procedures that govern his use of the HRA is poor because the Plan has failed to adequately describe them to him and the limited information it has provided is confusing and often conflicting. On information and belief, the Plan's claims procedures are not reasonable. 29 C.F.R. § 2560.503-1(b)–(c).

13.     On information and belief, the Plan Administrator has never proactively furnished or made available to Hinman the records described in 29 U.S.C. § 1024(b)(1)–(3).

14.     29 U.S.C. § 1024(b)(4) requires the Plan Administrator to "upon written request of any participant . . . furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

15.     To obtain an adequate understanding of the rules and claims processes for the HRA so he may assess and understand his rights and future benefits, on August 25, 2023, Hinman sent

---

[1] Form 5500 was developed "so employee benefit plans could . . . satisfy annual reporting requirements under Title I and Title IV of ERISA . . . . The Form 5500 . . . is part of ERISA's overall reporting and disclosure framework, which is intended to assure that employee benefit plans are operated and managed in accordance with certain prescribed standards and that participants . . . are provided or have access to sufficient information to protect the rights and benefits of participants . . . under employee benefit plans." *Form 5500 Series*, U.S. Dep't Labor, https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500 [https://perma.cc/38XG-5UWD] (last visited Jan. 12, 2024).

3

the Plan Administrator a letter via certified mail in which he asked to be mailed the records described in 29 U.S.C. § 1024(b)(4). **Exhibit B**.

16.     The United States Postal Service delivered Hinman's letter to the Plan Administrator on August 28, 2023. **Exhibit C** (certified mail delivery confirmation). The Plan Administrator was accordingly required to mail the requested records to Hinman no more than thirty days later—by September 27, 2023. 29 U.S.C. § 1132(c). On information and belief, the Plan Administrator failed or refused to do so, and his failure or refusal was willful.

17.     The Plan Administrator's failure or refusal to furnish the requested documents prejudiced Hinman because he has been unable to timely submit requests for reimbursement of medical care; is uncertain about the Plan's claims procedures; has been unable to fully assess whether the Plan's claims procedures are reasonable; and has had to seek the advice of counsel and initiate this lawsuit to obtain the records and clarification to which he is entitled. *Applications Nuclear Generation Emps. Ass'n v. N.Y. Power Auth.*, 145 F. Supp. 2d 291, 299 (S.D.N.Y. 2001) ("To the extent that the claims seek a declaration of future benefits as . . . employees, the claims fall literally within the terms of one of the few permissible private actions under ERISA—a request for clarification of rights to future benefits under the terms of an ERISA employee benefit plan."); *Almonte v. Gen. Motors Corp.*, No. 95 CIV. 5173, 1997 WL 363815, at *5 (S.D.N.Y. June 30, 1997) ("Almonte was prejudiced in that he was forced to send several requests, retain counsel, and initiate this lawsuit in order to determine his rights under the Plan.").

18.     The Plan Administrator is "personally liable" to Hinman for up to $110 per day for his failure or refusal to furnish the records Hinman requested. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1. As of the date of this Complaint, the Plan Administrator has failed or refused to furnish the requested records, which are substantial and important, to Hinman for 111 days. *McDonald v. Pension Plan NYSA-ILA Pension Tr. Fund*, 320 F.3d 151, 163 (2d Cir. 2003) ("Awards of

penalties and their amounts depend on the following: (1) the administrator's bad faith or intentional conduct; (2) the length of the delay; (3) the number of requests made; (4) the extent and importance of the documents withheld; and (5) the existence of any prejudice to the participant or beneficiary.") (cleaned up).[2]

## CLAIMS FOR RELIEF

### COUNT ONE
Violation of 29 U.S.C. § 1024(b)(4)
Asserted via 29 U.S.C. § 1132(a)(1)(A)
(As to Defendant Weilert)

19. Hinman re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

20. The Plan Administrator violated 29 U.S.C. § 1024(b)(4) by refusing or failing to timely furnish to Hinman the records he requested. On information and belief, that refusal or failure was willful and Hinman was and is prejudiced by it.

21. The Plan Administrator should be enjoined from violating 29 U.S.C. § 1024(b)(4) and required to expeditiously provide the requested records to Hinman. 29 U.S.C. § 1132(a)(3).

22. The Plan Administrator is personally liable to Hinman for up to $110 per day for his refusal or failure to furnish Hinman with the requested records. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

---

[2] Similarly, the Plan's failure or refusal to provide the summary of benefits and coverage to Hinman upon his request "no . . . later than seven business days following receipt of the request," 45 C.F.R. § 147.200(a)(1)(ii)(F), violated the Public Health Service Act ("PHS Act"). The PHS Act is implemented by the United States Department of Health and Human Services and enforced by the Centers for Medicare and Medicaid Services ("CMS"). Hinman reported this violation to CMS on November 13, 2023, by filing a complaint pursuant to 45 C.F.R. § 150.303.

**COUNT TWO**
Violation of 29 U.S.C. § 1024(b)(1)–(3)
Asserted via 29 U.S.C. § 1132(a)(1)(A)
(As to Defendant Weilert)

23. Hinman re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. 29 U.S.C. § 1024(b)(1)–(3) requires the Plan Administrator to proactively furnish or make available to Plan participants and beneficiaries specified records.

25. The Plan Administrator violated 29 U.S.C. § 1024(b)(1)–(3) by failing to timely furnish or make available to Hinman the records those subsections specify.

26. The Plan Administrator should be enjoined from violating 29 U.S.C. § 1024(b)(1)–(3), required to expeditiously provide or make available the records specified therein, and required to timely and proactively provide those records to Hinman in the future. 29 U.S.C. § 1132(a)(3).

**COUNT THREE**
Clarification of Rights to Future Benefits
Asserted via 29 U.S.C. § 1132(a)(1)(B)
(As to all Defendants)

27. Hinman re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

28. Because of the Plan Administrator's failure to provide adequate information about the rules and claims processes that govern the HRA, Hinman does not understand and is uncertain about his rights to future benefits.

29. Defendants should be ordered to clarify Hinman's rights to future benefits under the terms of the HRA. 29 U.S.C. § 1132(a)(1)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order the following relief:

1. Declare that the Plan Administrator violated 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1024(b)(1)–(3);

2. Enjoin the Plan Administrator from violating 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1024(b)(1)–(3);

3. Order the Plan Administrator to expeditiously furnish to Hinman the records he requested pursuant to 29 U.S.C. § 1024(b)(4);

4. Enter a judgment against the Plan Administrator of $110 per day for his violation of 29 U.S.C. § 1024(b)(4) pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1;

5. Order the Plan Administrator to expeditiously furnish or make available to Hinman the records specified in 29 U.S.C. § 1024(b)(1)–(3) and order the Plan Administrator to timely and proactively provide those records to Hinman in the future;

6. Order Defendants to clarify Hinman's rights to future benefits under the terms of the HRA pursuant to 29 U.S.C. § 1132(a)(1)(B);

7. Enter a judgment awarding Hinman attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

8. Order any other and further relief as the Court deems just and proper including pursuant to 29 U.S.C. § 1132(a)(3).

Respectfully submitted,

s/Tessa E. Shurr

Dated: January 16, 2024

Tessa E. Shurr
David R. Dorey*
*Attorneys for Plaintiff*
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Emails: teshurr@fairnesscenter.org
drdorey@fairnesscenter.org

*motion for admission
 to be filed

7